Per Curiam.
 

 The bill states that James Peery gave bond to the complainant for the conveyance of 400 acres of land with general warranty, for which he paid f 125, and gave his bond for $ 675, to be paid as soon as the deed should be made ; that Peery represented his title to be unquestionable, granted to Mr. Armstrong 10,000 acres, and by a regular chain of title vested in A. Neil of Baltimore ; that he had not got a deed from Neil, but only a bond for a title; that the defendant, Blackburn, having purchased part of the land claimed by Peery under Neil’s bond, solicited Neil to appoint him and Andrew Thompson agents for him, to make deeds to Peery and the purchasers from Peery. He gave them power to execute such deeds on condition they would become sureties for the money due by Peery to him. It is stated that they did not do this, and also that the power (which is exhibited) only authorized them to make quitclaim deeds. But they, on the receipt of the power from Neil, addressed a letter to the purchasers under Peery, therein stating that they were ready to execute the trust, and make deeds on receiving well authenticated * certificates of the bonds from Peery to them, and of the court of the land to be conveyed. The complainant, believing that they were fully authorized, accepted a deed from them with general warranty, and paid $ 130 to Peery in part discharge of his bond. The complainant states, that the land conveyed to him is wholly included in other grants which will hold the land; that the pretended grant of 10,000 to M. Armstrong is wholly
 
 unavailing ;
 
 that Neil has no regular chain of title under it, nor can any be made which will be effectual; that Peery has transferred the complainant’s bond to Booker, who had notice of all these circumstances ; that Peery is wholly insolvent, and unable to make any compensation; prays to have the bond delivered up by Booker to be canceled, and that the attorneys of Neil, having fraudulently exceeded their powers, and thereby induced him to pay Peery $130, may be decreed to refund it, and also the sum which he had before paid, because, as he says, he was prevented from attempting a recovery against Peery by their conduct in executing the deed.
 

 
 *582
 
 To this bill G. Blackburn has demurred, on the ground that there is no equity in the bill to enable the complainant to recover as against him.
 

 From the allegations in this bill, can the court make any decree against the defendant, Blackburn ? We believe none can be made : though the word fraudulent is applied to him, yet it cannot be considered as forming any specific charge. It is not alleged that he had any knowledge or suspicion of the invalidity of Neil’s title ; the expressions in the power of attorney very strongly imply that security had been given to Neil for Peery’s debt; at least they would be responsible if they accepted the benefit and acted under it. They were empowered to make a good and lawful deed or deeds to Peery, or those who purchased under him. Had they by this power made a quitclaim * deed to Peery, and Peery again conveyed to the complainant, would he have been in any better situation ? Certainly he would not.
 

 All parties appear to have been mistaken respecting the title, and there is no reason why he who barely executed a trust should be liable, unless he had a benefit ' thereby j or did it with a fraudulent view to prejudice others, neither of which appear to be the case from any thing stated in this bill.
 

 The demurrer sustained,* and the bill dismissed as to Gideon Blackburn.
 

 See King’s Digest, 11,731.